SUCCESSION OF MARIN, PLAINTIFF, AND APPELLEE, *v.* MUNICIPALITY OF ARECIBO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in an Action of Debt.

No. 2056.—Decided May 27, 1920.

PAYMENT THROUGH ERROR.—One who pays what he does not owe may sue for its recovery if the error is one of fact, but not when the error is one of law.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Messrs. Largé & Zeno* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This action was brought by the heirs of Aureliano Marín y Guerrero against the Municipality of Arecibo for the refund of a certain sum of money. The defendant filed a demurrer to the complaint on the ground that the facts therein alleged did not constitute a cause of action, inasmuch as the essential allegation was based on an error of law, and the demurrer was overruled on December 21, 1918. The defendant then answered the complaint and after a trial the court

entered judgment on March 31, 1919, sustaining the complaint and adjudging that the defendant pay to the plaintiffs the sum of $3,929.15 and the costs.

From that judgment the defendant appealed to this court and alleges, among other grounds, that the court erred in overruling the demurrer.

The plaintiffs alleged as fundamental facts that for more than thirty years and up to the time of his death Aurelio Marín y Guerrero owned and operated a ferry for the transportation of persons, animals and vehicles across the Río Grande river of Arecibo between the ward of Cambalache and the said city, and that after his death on July 27, 1907, the service was continued by his heirs; that on different dates and in different amounts the municipality, without any right, has collected and received as a municipal tax and as the auction price of the said service the total sum of $3,929.15, as shown by an itemized statement; that the payments were all made by Aureliano Marín, except the last item which was paid by his heirs, Marín and his heirs erroneously and mistakenly believing that the municipality of Arecibo had a right to collect the said sums as such tax, and that the ancestor of the plaintiffs lived and died under such erroneous belief and so have the plaintiffs lived until recently, when, upon discovering that such collections and payments were not proper, they approached the defendant municipality and demanded a refund of what they had paid, but this action was fruitless, for the sum claimed has not been refunded to them in whole or in part.

The itemized statement of the amounts collected and received by the Municipality of Arecibo begins with the fiscal year 1889–1890 and ends on September 2 of the fiscal year 1908–1909, showing a total of $3,929.15.

The action was brought under section 1796 of the Civil Code which provides that if a thing is received when there was no right to claim it and which, through an error, has

been unduly delivered, there arises an obligation to restore the same.

The error to which the said section refers is an error of fact, as we have held in *Arandes* v. *Báez*, 20 P. R. R. 364, and *American Railroad Company* v. *Wolkers*, 22 P. R. R. 264; therefore the question raised by the demurrer is whether the error upon which the plaintiffs base their action is an error of fact or merely an error of law.

The allegations of the complaint show that first Aureliano Marín Guerrero and after his death his heirs for more than thirty years owned and operated a ferry for the transportation of persons, animals and vehicles across the Río Grande river of Arecibo between the ward of Cambalache and the said city, and that the Municipality of Arecibo, as the auction price of that service in the nature of a municipal tax, collected from them a total sum of $3,929.15 in several items from the fiscal year 1889–1890 to the fiscal year 1908–1909, the payments having been made in the erroneous and mistaken belief that the Municipality of Arecibo had a right to collect the said sums.

If, as the plaintiffs allege, the several items were collected and received by the Municipality of Arecibo as a municipal tax and as the auction price of the transportation service for persons, animals and vehicles between the ward of Cambalache and the city of Arecibo across the Río Grande river of that municipality, it is necessary to conclude that the said service was awarded to Aureliano Marín Guerrero at a public sale, for an auction, according to Escriche and the ordinary meaning of the word, is a public sale of property to the highest bidder. The fact of the auction has been admitted by the plaintiffs and if the auction was void and the payments made to the Municipality of Arecibo as a result thereof were unlawful, the question at issue is not one of fact but of law. The plaintiffs had knowledge of the fact

which gave rise to the payments, and their later knowledge that the payments were not proper because the Municipality of Arecibo had no right to collect the money can not be considered as an error of fact but as one of law and can not favor them, according to the legal maxim, *"Ignorantia facti excusat, ignorantia juris non excusat."*

Nor do we find in the complaint any specific allegation whereby the Municipality of Arecibo may be bound in justice and the sound principles of equity to refund the taxes collected under an error of law on the part of the plaintiffs after they had availed themselves of the advantages of that service.

We are of the opinion that the court of Arecibo erred in overruling on December 21, 1918, the demurrer referred to, and that, therefore, the judgment appealed from should be reversed and another entered absolving the defendant without special imposition of costs.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.